UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN HALLOCK and FERNCLIFF
ASSOCIATES, INC., doing business as
Multimedia Technology Center,

                              Plaintiffs,

        -v-                                        5:03-CV-195

ROBERT C. BONNER, RICHARD WILL,
DENNIS P. HARRISON, MARGARET M.
JORDAN, THOMAS VIRGILIO, UNKNOWN
AGENTS OF UNITED STATES CUSTOMS
AND TREASURY, UNKNOWN AGENTS OF
UNITED STATES JUSTICE DEPARTMENT,
UNKNOWN AGENTS OF UNITED STATES
POSTAL SERVICE, UNKNOWN AGENTS
OF UNITED STATES MARSHAL SERVICE,
and JOHN & JANE DOE 1-25,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

GALVIN AND MORGAN                     JAMES E. MORGAN, ESQ.
Attorneys for Plaintiffs              MADELINE SHEILA GALVIN, ESQ.
217 Delaware Avenue
Delmar, New York 12054

HON. GLENN T. SUDDABY, ESQ.          CHARLES E. ROBERTS, ESQ.
United States Attorney                Asst. United States Attorney
Northern District of New York
100 South Clinton Street
P.O. Box 7198
Syracuse, New York  13261

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

In July 2002, plaintiffs Susan Hallock and Ferncliff Associates, Inc. (collectively "plaintiffs") brought an action against the United States under the Federal Tort Claims Act. The defendant's motion to dismiss was granted, on the basis of an exception to the Act's waiver of sovereign immunity. Hallock v. United States, 253 F. Supp. 2d 361 (N.D.N.Y. 2003). While the suit was still pending, the plaintiffs brought the current action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971), against Robert C. Bonner ("Bonner"), Richard Will ("Will"), Dennis P. Harrison ("Harrison"), Margaret M. Jordan ("Jordan"), Thomas Virgilio ("Virgilio"), and other unnamed agents of various federal agencies (collectively "defendants"). The defendants moved to dismiss, citing the judgment bar of the Tort Claims Act, which precludes "any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. The defendants' motion to dismiss was denied, on the grounds that the judgment bar was not applicable, as the previous action was dismissed on procedural grounds. Hallock v. Bonner, 281 F. Supp. 2d 425 (N.D.N.Y. 2003). The Court of Appeals for the Second Circuit, acting under jurisdiction from the collateral order doctrine, affirmed the decision. Hallock v. Bonner, 387 F.3d 147 (2d Cir. 2004). The United States Supreme Court vacated the decision of the Court of Appeals for want of appellate jurisdiction and remanded the case. Hallock v. Bonner, 546 U.S. 345, 126 S. Ct. 952 (2006).

The defendants move for summary judgment.  The plaintiffs oppose the motion.
Oral argument was heard on November 14, 2007, in Utica, New York.  Decision was
reserved.

## II.  **FACTUAL BACKGROUND**

The following is a brief recitation of the facts of the case.  For a more detailed
description of the events in this case, see Hallock, 387 F.3d at 150-51.

On June 8, 2000, United States Customs Special Agents Jordan, Virgilio, and
Harrison, along with other federal agents, served and executed a search warrant on the
premises of Susan Hallock and her husband, Richard Hallock, in Mohawk, New York.  The
premises served as the Hallock's residence, and as business offices for Ferncliff.  Pursuant
to the search warrant obtained by Jordan, the agents seized various computer equipment
that allegedly had been, or was being, used by Richard Hallock to commit certain child
pornography offenses in violation of 18 U.S.C. § 2252.  Special Agent Jordan was the agent
in charge of the investigation, and Special Agent Virgilio conducted the interrogation of
Susan Hallock.  During the investigation, Special Agent Harrison made mirror image copies
of the computer data contained on the seized hard drives to conduct his forensic analysis.
The copies of the hard drives were then analyzed by U.S. Customs.  Throughout the
investigation, the plaintiff's hard drives were detained in their original condition, as evidence.
However, Richard Hallock was apparently the victim of identity theft and no criminal charges
were ever brought.  When the hard drives were returned, several were allegedly damaged.
The plaintiffs allege that the property detained and ultimately damaged included intellectual

property essential to the plaintiffs' business.[1]  As a result of the damage, the plaintiffs were forced out of business.  The copies of the hard drives were provided to the plaintiffs on April 27, 2005.  The plaintiffs allege that the defendants intentionally caused the damage resulting in the loss of data in violation of the Fifth Amendment.

## III.  STANDARDS

### A. Summary Judgment

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2510 (1986); Richardson v. New York State Dep't of Correctional Servs., 180 F.3d 426, 436 (2d Cir. 1999); Lang v. Retirement Living Pub. Co., 949 F.2d 576, 580 (2d Cir. 1991).  The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990).  Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); Richardson, 180 F.3d at 436; Project Release v. Prevost, 722 F.2d 960, 968 (2d Cir. 1983), and pleadings of a pro se litigant must be construed liberally, Haines

---

[1]  The plaintiffs allege a Fifth Amendment claim concerning damage and loss of intellectual property located on the hard drives without due process, as opposed to the actual physical seizure and detainment of the hard drives, under the Fourth Amendment.

v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972); Nance v. Kelly, 912 F.2d 605 (2d Cir. 1990).

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356. At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. Liberty Lobby, Inc., 477 U.S. at 248-49, 106 S. Ct. at 1510 ; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

### B. Bivens Cause of Action

Bivens created a cause of action for damages caused by unconstitutional acts of federal agents acting under color of their federal authority. Bivens, 403 U.S. at 389, 91 S. Ct. at 2001 (creating cause of action for violation of Fourth Amendment). The Supreme Court has also created a Bivens cause of action for violations of the Due Process Clause and the Eighth Amendment. See Wilkie v. Robbins, __ U.S. __, 127 S. Ct. 2588, 2593, 2597 (2007) (declining to create a cause of action where federal agents subjected plaintiff to "harassment and intimidation aimed at extracting an easement across private property," and noting various other instances where it has declined to do so). A claim under Bivens is substantially similar to a claim under 42 U.S.C. § 1983, such that courts incorporate § 1983 case law into Bivens claims. Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

A cause of action under Bivens, seeking monetary relief, must allege a deprivation of a constitutionally protected right by federal agents acting under federal authority.  Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006).  Furthermore, allegations establishing direct or supervisory involvement of each named defendant are required.  Id.; Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); see Ellis v. Blum, 643 F.2d 68, 85 (2d Cir. 1985). Respondeat superior does not apply, but supervisory liability may be established through evidence "that the defendant (1) directly participated in the constitutional violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; (4) was grossly negligent in supervising subordinates who caused the violation; or (5) failed to act on information indicating that unconstitutional acts were occurring."  Thomas, 470 F.3d at 496; Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).  Mere conclusory allegations from the plaintiff, absent evidentiary support, are not sufficient to present an issue of material fact to defeat a motion for summary judgment.  Fed. R. Civ. P. 56(e); Hourihan v. Lafferty, 58 F. Supp. 2d 10, 13 (N.D.N.Y. 1999).

**IV.  DISCUSSION**

In this case, the plaintiffs claim a violation of the Due Process Clause of the Fifth Amendment stemming from the loss of intellectual property, while the computer equipment seized during the warrant execution was in the custody of the defendants.  However, to defeat the defendants' motion for summary judgment, the plaintiffs must raise an issue of material fact as to the requisite personal involvement of the named defendants under Bivens.

It is undisputed that Jordan and Virgilio were U.S. Customs Special Agents conducting the criminal investigation of Richard Hallock.  The agents were involved in the

initial seizure of the computer equipment, which the plaintiffs do not challenge.  Rather, the

plaintiffs claim the defendants damaged the intellectual property.  However, the plaintiffs did

not adduce any evidence that Jordan or Virgilio played any role in damaging the data.

Furthermore, neither agent participated in the forensic analysis of the computer data.

       Harrison was a senior U.S. Customs Special Agent involved in both the seizure and

the forensic computer analysis during the Hallock investigation.  The investigation entailed

making several copies of the computer hard drives and analyzing the copies for illegal

activity.  (Pls.' Mem. 4.)  After the copies were made the original hard drives were detained in

storage.  Harrison attended a meeting with Assistant United States Attorney Brenda K.

Sannes, Virgilio, and the plaintiffs in September 2000.  Id. at 5.  During the meeting Harrison

did not speak with the plaintiffs.  Id.  On December 21, 2000, Harrison returned the seized

computer equipment to the plaintiffs.  Id. at 6.  Non-party Richard Hallock suggests that

"[u]pon attempted authentication of the alleged recovered data Hallock discovers that the

recovered data for hard drive known as HALLOCK 4 does not match Defendant Harrison's

Encase report created when the data was captured on June 26, 2000, nor does it match his

recollection of what was originally stored on HALLOCK 4 hard drive."  Id. at 9.  Harrison

never returned the calls Mr. Hallock made to him after encountering problems with the hard

drives. Id. at 7.  Noticeably absent from the plaintiffs' allegations are any indications of

Harrison's involvement in destroying the intellectual property.

       The lack of personal involvement of Harrison is also evident from the deposition of

Susan Hallock:

> Q. Dennis Harrison; do you allege that he deleted any files belonging to the
> plaintiffs?

> A.  I don't know.
>
> Q.  Do you allege he destroyed or damaged any software belonging to the plaintiffs?
>
> A.  I don't know.
>
> Q.  Do you allege that he destroyed or damaged any physical equipment, computer hard drives, modems; anything?
>
> A.  I don't know.

(Pl.'s Dep. 82-83.)  Further, the deposition of Richard Hallock shows the true nature of the claim against Harrison:

> Q.  So you are alleging that Special Agent Harrison failed to respond - failed to return the property for five to six months after he determined that the property was of no evidentiary value?
>
> A.  These five hard disks drives, yes, sir.
>
> Q.  Are you alleging that it was his decision to make?
>
> A.  I have no idea who had that decision to make.  I really don't.  I don't know if it was him or someone else's.  He - I don't know.

(Richard Hallock Dep. 106.)  Again, the plaintiffs did not proffer any evidence as to Harrison's involvement with the data loss but allege that he was responsible for delaying the return of the hard drives.

Richard Wills was the Port Director of the Port of Albany, New York, and did not conduct criminal investigations or searches.  Wills was not involved in the Hallock investigation and the plaintiffs did not bring forward any evidence of involvement.

Bonner, the former Commissioner of Customs and Border Protection, was not appointed to his position until after the alleged events occurred.  Hallock, 387 F.3d at 149 n.1 (overturned on other grounds).

Moreover, the deposition of Susan Hallock clearly illustrates the lack of personal involvement of all of the defendants. When asked about the involvement of the defendants in the alleged destruction of the intellectual property, the plaintiff responded as follows:

Q. Please tell me what acts of negligence were committed by Robert Bonner.

A. I don't know.

Q. Margaret Jordan?

A. I don't know.

Q. Dennis Harrison?

A. I don't know.

Q. Richard Will?

A. I don't know.

Q. Tom Virgillo?

A. I don't know.[2]

(Pl.'s Dep. 57-58.) As shown, Susan Hallock cannot set forth an issue of material fact as to the personal involvement of the defendants, without establishing the defendants' actions.

Furthermore, the plaintiff has also failed to establish the requisite supervisory involvement of Bonner and Will. The plaintiff has not shown that the defendants directly participated in the events, failed to act or remedy the violation after learning of it, created a relevant custom or policy, or acted negligently in their supervisory roles. See Thomas, 470 F.3d at 496.

---

[2] The plaintiff also responded "I don't know," in regards to the defendants' involvement in the following contexts: misuse of the property, handling, storage, packaging, and the adherence to procedure and standards (Pl.'s Dep. 39-49, 56-57).

In sum, the record is devoid of any evidentiary support that the defendants had the requisite personal involvement in damaging of the plaintiffs' intellectual property stored on the detained hard drives.  As shown by the plaintiffs' own admission, the requirement of personal involvement has not been established for a viable Bivens cause of action.  "The damage was done by person or persons unknown while the material a sin [sic] the exclusive control of the Defendants or their agents."  (Pls.' Mem. 21 (emphasis added).)

## V.  CONCLUSION

Without setting forth any evidence of personal involvement of the defendants, it is impossible for the plaintiffs to raise an issue of material fact that would defeat a motion for summary judgment.  The undisputed facts of the case establish that there is no evidence upon which a jury could find personal involvement of the defendants, a prerequisite to a Bivens cause of action.  Therefore, the defendants are entitled to summary judgment for want of personal involvement in the alleged violation of the plaintiffs' due process rights under the Fifth Amendment.  Given this determination, it is not necessary to address the defendants' other arguments.

Accordingly, it is

ORDERED that,

1.  Defendants' motion for summary judgment is GRANTED;

2.  The complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to file a judgment accordingly.

IT IS SO ORDERED.

Dated:   July 28, 2008
         Utica, New York.

_____
United States District Judge